IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANTONIO DEMETRIUS WILLIAMS ) | Criminal Action No. 5:12cr00014 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA ) | By: Michael F. Urbanski |
| Defendant. ) | United States District Judge |

Antonio Demetrius Williams, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges counsel provided ineffective assistance by (1) failing to advise him that he faced a mandatory life sentence if convicted; and (2) failing to object that his two prior Florida cocaine possession convictions do not qualify as felony drug offenses requiring a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 802(44).

The court has determined to conduct an evidentiary hearing to address the factual dispute underlying Claim 1. As detailed herein, resolution of Claim 2 requires consideration of a legal argument not squarely addressed by the parties in their legal memoranda, and the court will permit Williams to submit additional briefing on the issue should he desire to do so after reviewing this opinion. The court has determined that the interests of justice require the appointment of counsel for Williams in this case, and an Order to that effect will be entered today.

I.

Williams was sentenced to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), having been found guilty of conspiracy to distribute 280 grams or more of

cocaine base following two prior felony drug offenses in state court in Florida. At the time he was sentenced to life imprisonment, Williams was only 22 years old.

Williams' mandatory life sentence stands in stark contrast to his prior state sentences. On October 3, 2008, Williams pled guilty in the Circuit Court for Palm Beach County, Florida, to Possession of Cocaine, and was given a time-served sentence of 28 days in jail. A few months later, on February 3, 2009, the same court sentenced Williams to another time-served sentence for Possession of Cocaine, this time for 19 days.

Prior to Williams' federal trial, the government filed a notice under 21 U.S.C. § 851 referencing these drug convictions. ECF No. 96. The government attached certain documents related to the two prior Florida convictions and one Virginia conviction.[1] On their face, the judgments from the Circuit Court for Palm Beach County, Florida reflected violations of Florida Statute § 893.13(6)(a), each third-degree felonies. While the § 851 notice attached the Florida judgments in each case, the notice did not attach the Florida Rule 3.992(a) Criminal Punishment Code Scoresheet for either conviction.[2]

Williams did not deny committing the two prior Florida drug offenses for which he served a total of 47 days. Because the government had served a notice under § 851

---

[1] On February 23, 2012, Williams was convicted in the Circuit Court of Frederick County, Virginia, of Possession of Marijuana, more than ½ ounce but less than 5 pounds, with the intent to sell or distribute in violation of Virginia Code § 18.2-248.1. Williams was sentenced to three years in the state penitentiary, with all but six months suspended for good behavior. Williams was served with the federal indictment while serving his Virginia state sentence. Because Williams' Virginia drug conviction was not final before he committed the § 841(b)(1)(A) offense in this case, the Virginia conviction is not a qualifying prior predicate felony drug offense. Thus, the issue of the enhanced sentence under § 841(b)(1)(A) turns on whether Williams' 2008 and 2009 Florida Possession of Cocaine convictions are properly categorized as felony drug offenses under § 802(44).

[2] The Rule 3.992(a) Criminal Punishment Code Scoresheets for each of Williams' prior Florida Cocaine Possession convictions surfaced, to the court's knowledge, for the first time as Exhibits A and B to Williams' pro se § 2255 Petition. ECF No. 596-1, at 12-13 and 17-18. There is no hint in the record that either counsel for the government or counsel for Williams were aware of these scoresheets or their potential significance at the time of Williams' federal trial or sentencing. Williams' Presentence Investigation Report, ECF No. 422, likewise does not mention the Florida scoresheets. No party raised this issue with the court at sentencing. The court will address these scoresheets infra § III. B.

2

concerning these two prior drug convictions, the court was required to sentence Williams to a mandatory term of life imprisonment without release under § 841(b)(1)(A). Neither at sentencing nor on appeal did Williams raise an issue as to whether the two Florida drug convictions met the requirements of § 802(44).[3]

Now proceeding pro se, Williams raises for the first time the issue that his two prior Florida convictions do not qualify as predicates under §§ 841(b)(1)(A) and 802(44), doing so through the window of ineffective assistance of counsel. While Williams' brief raises the issue as to whether his prior Florida drug convictions properly qualify, he cannot benefit from the statute he cites to support his argument, as it was enacted shortly after his Florida convictions became final. Nevertheless, the evolving nature of Florida's sentencing scheme requires the court to take a closer look at whether Williams' Florida Possession of Cocaine convictions were properly considered to be qualifying predicates necessitating a mandatory life sentence.

Accordingly, after reviewing the record and briefs from Williams and the government, the court concludes pursuant to 18 U.S.C. § 3006A that the interests of justice require that counsel be appointed for Williams, that an evidentiary hearing be held, and that the parties be given an opportunity to file supplemental briefs on the issues raised in Williams' petition.

## II.

On April 19, 2012, a federal grand jury sitting in Harrisonburg, Virginia, charged Williams and multiple codefendants with conspiring to distribute and possess with intent to

---

[3] Williams was represented by the same counsel at trial and on appeal.

3

distribute 280 grams or more of a mixture or substance containing cocaine base ("crack cocaine") and six separate counts of crack cocaine distribution in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). Williams initially appeared and was arraigned one week later, on April 26, 2012. Thereafter, on May 23, 2012, the United States Attorney filed an information pursuant to 21 U.S.C. § 851(a)(1), notifying Williams that he was subject to mandatory life in prison based on two prior felony drug convictions in Florida. ECF No. 96. Following trial, a jury found Williams guilty of the crack cocaine conspiracy charge and six counts of crack cocaine distribution. Williams was sentenced on March 20, 2013. As required by the statutory enhancement, the judgment entered on March 20, 2013 sentenced Williams to mandatory life in prison on the conspiracy charge and 240 months on each of the distribution charges, all to run concurrently. Williams filed a timely appeal, which the Fourth Circuit Court of Appeals denied on February 4, 2014. The Supreme Court denied certiorari on June 2, 2014. On May 29, 2015, Williams timely filed his § 2255 petition.

### III.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such a sentence," or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Williams bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to

4

raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### A. Claim 1 – Ineffective Assistance of Counsel for Failing to Advise Williams that He Faced a Mandatory Life Sentence if Convicted.

Williams and his counsel disagree as to whether counsel told Williams that, if convicted, he was required to serve a mandatory term of life imprisonment without release. In Claim 1, Williams alleges:

5

> [C]ounsel never informed Petitioner that in light of his criminal history, that the Government's filing of a § 851 enhancement, he faced a **mandatory life sentence**, if he proceeded to jury trial and lost. Counsel discussed with Petitioner at the beginning of his representation, his statutory sentencing range (**10-years to life**), but not again thereafter. In their discussions, they focused on the career offender status and drug amount.

ECF No. 596-1, at 4. The United States took the deposition of Williams' counsel and attached it as an exhibit to its opposition to Williams' petition. In that testimony, Williams' counsel affirmed that he advised Williams that he was facing mandatory life in prison if convicted on the charges. ECF No. 628-1, at 10.

Regardless of the factual disagreement between Williams and his counsel, the government argues that Williams was advised by the United States Magistrate Judge at his initial appearance and arraignment on April 26, 2012 that if he was convicted of the conspiracy charge he would face a mandatory life sentence:

> THE COURT: That's what they are saying in Count One, that you participated with other people to manufacture and distribute crack in an amount in excess of 280 grams. That's the charge in Count One.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Ms. Wright, what is the range of punishment under Count One?
>
> MS. WRIGHT: Your Honor, the government will be filing notice of an 851 enhancement in this case as well. So in that case the minimum is life, the maximum is life. It is a felony. And the maximum fine is $10 million.
>
> THE COURT: 10 million?
>
> MS. WRIGHT: Yes, Your Honor.

6

> THE COURT: Mr. Williams, if you are convicted of participating in the criminal conspiracy alleged in Count One against you, the government indicated today that it intends before that trial to file what's called an 851 notice. They are saying that you have two or more felony - - prior felony drug offenses. If you are convicted of participating in this conspiracy, you must be sentenced to life imprisonment in this case. And you will be subject to a fine in the amount of $10 million. Do you understand?
>
> THE DEFENDANT: Yes, sir.

ECF No. 643, at 9-10. At the time of that hearing, however, no § 851 notice had been filed. In fact, Williams' initial appearance and arraignment took place seven days after the indictment was filed and one day after counsel had been appointed for Williams. ECF No. 53. Under these circumstances, the court has determined that it is prudent to conduct an evidentiary hearing on Claim 1.

### B. Claim 2 – Ineffective Assistance of Counsel for Failing to Object to Williams' Florida Possession of Cocaine Convictions as Predicate Felony Drug Offenses Under 21 U.S.C. §§ 841(b)(1)(A) and 802(44).

#### 1. Nonapplicability of Florida Statute § 775.082(10).

Williams asserts in Claim 2 that his Florida drug convictions do not qualify as predicate felony drug offenses as defined in 21 U.S.C. § 802(44) under the terms of Florida Statute § 775.082(10). Under this statute, a Florida defendant may not be imprisoned for more than one year for a non-forcible third-degree felony in cases where the total sentence points are 22 or fewer unless the sentencing court makes written findings that a nonstate prison sanction could present a danger to the public. Fla. Stat. § 775.082(10). In cases where § 775.082(10) applies, "a nonstate prison sanction is the 'presumptive mandatory sentence.'" Ryerson v. State, 189 So. 3d 1047, 1048 (Fla. Dist Ct. App. 2016) (quoting Jones v. State, 71

7

So. 3d 173, 175 (Fla. Dist. Ct. App. 2011) (The phrase "nonstate prison sanction" "is commonly understood to mean probation, community control, or imprisonment in the county jail for up to one year.")).

The Palm Beach County Circuit Court scored each of Williams' Possession of Cocaine convictions below 22,[4] made no written findings, and sentenced him to time-served sentences of 28 and 19 days. ECF No. 596-1, at 11-21. Under these circumstances, Williams argues pursuant to Florida Statute § 775.082(10) that he was subject only to a nonstate prison sanction, with a jail term not to exceed one year. As such, Williams argues that these convictions did not qualify as predicate felony drug offenses under 21 U.S.C. § 802(44), which defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year." This would have the effect of reducing Williams' sentence under 21 U.S.C. § 841(b)(1)(A) from a mandatory term of life imprisonment without release to a term of not less than 10 years nor more than life.

As the government's brief in opposition points out, however, Florida Statute § 775.082(10) only applies to offenses committed on or after July 1, 2009, and both of Williams' convictions came shortly before that date.[5] As such, the government argues that this statute is inapplicable to Williams' case. Because Williams' Posession of Cocaine convictions predate the effective date of Florida Statute § 775.082(10), the court agrees. See McNeill v. United States, 563 U.S. 816, 825 (2011) (A "federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the

---

[4] Florida Statute § 921.0024 requires that a sentencing scoresheet "must be prepared for every defendant who is sentenced for a felony offense."

[5] Williams' first conviction was on October 3, 2008, and his second conviction was on February 6, 2009.

8

'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense.").

## 2. History of Florida's Sentencing Guidelines and Criminal Punishment Code.

Nonetheless, a full examination of this issue requires the court to trace the history of the Florida statutory scheme in place at the time of Williams' state court drug convictions. Prior to October 1, 1998, Florida had in place a regimen of sentencing guidelines.

Florida felonies committed between October 1, 1983 and January 1, 1994 were subject to sentencing guidelines set forth in Rule 3.701 of the Florida Rules of Criminal Procedure. Rule 3.701(b)(6) provides that "departures from the presumptive sentences established in the guidelines shall be articulated in writing and made when circumstances or factors reasonably justify the aggravation or mitigation of the sentence."

Florida felonies committed on or after January 1, 1994, and before October 1, 1995 were subject to sentencing guidelines set forth in Rule 3.702 of the Florida Rules of Criminal Procedure. Rule 3.702(b)(16) establishes a "Presumptive Sentence" determined by calculating total sentence points. The rule states that "[i]f the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison." In order to depart from this Presumptive Sentence, "a state prison sentence where the total sentence points are equal to or less than 40 . . . must be accompanied by a written statement delineating the reasons for departure." Fla. R. Crim. P. 3.702(b)(18).

Florida felonies committed on or after October 1, 1995 and before October 1, 1998 were subject to sentencing guidelines set forth in Rule 3.703 of the Florida Rules of Criminal Procedure. Rule 3.703(d)(28) provides that "if the total sentence points are less than or equal

9

to 40, the recommended sentence, absent a departure, shall not be state prison. The court may impose any nonstate prison sanction authorized by law, including community control." Rule 3.703(d)(30) stated that "[d]eparture from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence." In order to impose a state prison sentence "where the total sentence points are equal to or less than 40," the court must provide "a written statement delineating the reasons for departure." Id.

Under the guidelines system in effect before October 1, 1998, a Florida trial court could not impose a sentence departing from the presumptive or recommended sentence set by the guidelines without providing a written statement of reasons. For example, in Boynton v. State, 473 So. 2d 703, 704 (Fla. Dist. Ct. App. 1985), the court, noting that "the language of the sentencing guidelines is clearly mandatory," vacated a prison sentence imposed without the required written reasons. Id. at 707. The Florida Supreme Court drove home the point in Pope v. State, 561 So. 2d 554 (Fla. 1990), holding that when an upward departure from the guidelines is vacated for failure to provide written findings, "the court must remand for resentencing with no possibility of departure from the guidelines." Id. at 556. Thus, had Williams been sentenced under the Florida guidelines, he could not have received a sentence longer than one year for either of his Possession of Cocaine convictions, as his total sentence points for each conviction were below 40 and the sentencing court made no written findings. Had these guidelines been in place at the time of Williams' Florida convictions, he would have been able to argue that he could not have received sentences under Florida law meeting the definition of a felony drug offense under 21 U.S.C.

§ 802(44), and was not required to be sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A).[6]

Unfortunately for Williams, however, in 1998, Florida replaced its guidelines system with the Florida Criminal Punishment Code ("CPC"), applicable to all felonies committed on or after October 1, 1998. Fla. Stat. § 921.0027. In accordance with the CPC, Florida instituted Rule 3.704 of the Florida Rules of Criminal Procedure. Rule 3.704 retained the requirement that the sentencing court calculate total sentence points in a scoresheet but introduced the concept of the lowest permissible sentence. Fla. R. Crim. P. 3.704(d)(25) provides:

> The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximum for the offenses committed, is appropriate.

Under the CPC, downward departures from the lowest permissible sentence were prohibited unless reasonably justified under certain statutory factors and accompanied by a written statement by the sentencing court delineating the reasons for the departure. Fla. Stat. § 921.00265; Fla. R. Crim. P. 3.704(d)(27). No similar provision existed in the CPC for sentences imposed above the lowest permissible sentence, as Florida Statute § 921.002(g) provided that "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense." In other words, while the CPC required the sentencing

---

[6] Because this sentencing scheme was not in place when Williams committed his prior state drug offenses, the court need not consider whether the Florida system more nearly resembled the Washington sentencing scheme addressed in United States v. Rodriguez, 553 U.S. 377 (2008), the North Carolina sentencing scheme addressed in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), or the Iowa sentencing system addressed in United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011).

court to explain in writing its reasons for departing below the lowest permissible sentence, the sentencing court was not similarly limited in imposing a sentence above the lowest permissible sentence up to the statutory maximum. See Bryant v. State, 148 So. 3d 1251, 1258 (Fla. 2014) ("[T]he language of the CPC . . . does not contemplate upward departure sentences, because generally the statutory maximum sentence is the highest possible sentence for any crime.").

As noted above, by enacting Florida Statute § 775.082(10), Florida imposed just such a restriction for offenses committed after July 1, 2009. "In 2009, due to an ever-increasing prison population, the cost of prison building and operation, and the downturn in the economy, the Florida Legislature enacted section 775.082(10). This was an effort to stem the tide of prison commitments." Porter v. State, 110 So. 3d 962, 963 (Fla. Dist. Ct. App. 2013). "The practice of upward departure sentences was reinstated in 2009, when the Legislature enacted subsection (10) of section 775.082, Florida Statutes, which became effective July 1 of that year." Bryant, 148 So. 3d at 1258. New subsection (10) provided as follows:

> (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in § 776.08, and excluding any third degree felony under chapter 810, and if the total sentence points pursuant to § 924.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

Fla. Stat. § 775.082(10). "The enactment was a mandated mitigation of an otherwise available maximum penalty. The safety valve to this mandated mitigation was the discretion given to the trial court to adhere to the Criminal Punishment Code in lieu of the mandated

12

mitigation of the defendant's sentence when the trial court made a written finding that the defendant was a 'danger to the community.'" Porter, 110 So. 3d at 963.

> The clear purpose and obvious intent [of] section 775.082(10) was to keep certain offenders out of the state prison system. The statute operates similarly to the pre-Criminal Punishment Code sentencing guidelines by establishing a presumptive sentence from which the trial court may deviate up to the statutory maximum in limited circumstances and only if the court explains its reasons in writing.

Jones v. State, 71 So. 3d 173, 175 (Fla. Dist. Ct. App. 2011) (footnotes omitted).[7]

In consistent fashion, Florida amended Rule 3.704 to add a corresponding provision, Rule 3.704(29), on September 9, 2009. In re Amendments to Florida Rules of Criminal Procedure 3.704 and 3.986, 22 So. 3d 1 (Fla. 2009). New Rule 3.704(29) provided as follows:

> (20) If the total sentence points equal 22 or less, the court must sentence the offender to a nonstate prison sanction unless it makes written findings that a nonstate prison sanction could present a danger to the public.

Fla. R. Crim. P. 3.704(29).

### 3. Application to Antonio Williams' Sentence.

What does this history mean for Antonio Williams? Williams' predicate felony drug offenses, for Possession of Cocaine in violation of Florida Statute § 893.13(6)(a), were non-forcible third- degree felonies punishable by a term of imprisonment up to five years. Williams committed the first offense on September 6, 2008 and the second on December 3,

---

[7] The legislative history of § 775.082(10) reinforces its significance. The Florida legislative staff analysis explained that "[u]nder current law a judge can sentence any third degree felon for up to five years in prison regardless of the total sentence score. In the last few years thousands of offenders whose sentence points are under the 44 point threshold recommended for a prison sanction have been sentenced to state prison. The absence of adequate diversionary programs and the overcrowding of jails have reportedly encouraged this trend of sending more low-level offenders to state prison." See Fla. Comm. On Ways & Means, Bill Analysis & Fiscal Impact Statement for CS/SB 1722, at 3 (Apr. 6, 2009) (quoted in Jones, 71 So. 3d at 175, n.4).

13

2008. Williams incurred 16 total sentence points for his first offense, and 17.6 for his second. Neither offense was forcible. No written reasons were provided for the 28-day and 19-day time-served sentences imposed pursuant to plea agreements.

Because Williams' offenses were committed after October 1, 1998, the Florida CPC, and not the preceding Florida guidelines, applied to these offenses. Had Williams' convictions occurred prior to October 1, 1998, he could have argued that his convictions were not qualifying felony drug offenses under 21 U.S.C. § 802(44) because (1) each offense scored less than 40 points, and (2) the sentencing court provided no written reasons to depart upwards from a nonstate prison sanction. Absent written reasons, the court was bound to impose a sentence of one year or less, below the threshold for a felony drug offense under § 802(44).

Likewise, because Williams' offenses were committed before July 1, 2009, the effective date of Florida Statute § 775.082(10) and before Florida Rule of Criminal Procedure 3.704(29) was implemented on September 9, 2009, he may not benefit from the restrictions in those provisions limiting the ability of a sentencing court to impose a nonstate prison sanction for offenses scoring below 22 total sentence points.

In short, because Williams was convicted of offenses occurring after the Florida guidelines were replaced by the CPC but before the July 1, 2009 amendments to the CPC, he cannot argue under those provisions that his 28-day and 19-day time-served sentences were not felony drug offenses as defined in 21 U.S.C. § 802(44). This conclusion is consistent with decisions rendered by Florida's federal courts applying 21 U.S.C. §§ 841(b)(1)(A) and 802(44) to prior convictions of Florida's third-degree felony drug possession statute, Florida

14

Statute § 893.13(6)(a), in other cases. See United States v. Neal, 520 F. App'x 794, 795 (11th Cir. 2013) ("Because Neal's conviction for cocaine possession under § 893.13(6)(a) was punishable by more than one year of imprisonment, it constituted a 'felony' drug offense, 21 U.S.C. § 802(44), and he was subject to the 120-month mandatory minimum in § 841(b)(1)(B) following the government's filing of its § 851 notice."); United States v. Preston Thomas, Nos. 8:01cr70, & 8:05cv580, 2010 WL 1379908, at *1 (M.D. Fla. Mar. 31, 2010) ("Each of Thomas's prior convictions for 'simple' possession of cocaine is a 'felony drug offense' as defined in Section 802(44) and qualifies for an enhanced sentence under Section 841(b)."); Adrian Thomas v. United States, Nos. 8:13cv215, & 8:07cr203, 2013 WL 4855067, at *6 (M.D. Fla. Sept. 11, 2013) ("A conviction for possession of cocaine pursuant to Fla. Stat. § 893.13(6)(a) constitutes a felony drug offense.").

In sum, at the time of Williams' two convictions on October 3, 2008 and February 6, 2009 for Possession of Cocaine in violation of Florida Statute § 893.13(6)(a), he was subject to the statutory maximum sentence for a third-degree felony of five years. Fla. Stat. § 921.002(1)(g) ("The trial court judge may impose a sentence up to and including the statutory maximum for any offense."). Therefore, Williams' October 3, 2008 and February 6, 2009 Possession of Cocaine convictions appear to meet the requirements of 21 U.S.C. § 802(44), which defines the term "felony drug offense" to mean an offense punishable by imprisonment for more than one year under any law—state, federal or foreign—that prohibits or restricts conduct relating to narcotic drugs. "'[T]he qualification of a prior conviction [as a sentencing predicate] does not depend on the sentence [a defendant] actually received but on the maximum sentence' permitted for his offense of conviction." United

15

States v. Bercian-Flores, 786 F.3d 309, 316 (4th Cir. 2015) (brackets in original) (quoting United States v. Valdovinos, 760 F.3d 322, 327 (4th Cir. 2014)). In other words, because Williams' Palm Beach County convictions were third-degree felonies punishable by a term of imprisonment of up to 5 years under the sentencing scheme in place in Florida at the time, each of them appear to qualify as a "prior conviction for a felony drug offense" under 21 U.S.C. § 841(b)(1)(A)(ii), requiring the mandatory life sentence.

## IV.

Prior to his illegal foray into Virginia, Antonio Williams pled guilty to two Florida cocaine possession felonies, and received time-served sentences of 28 and 19 days. At the time, Williams was 18 years old. Just four years later, following the jury's finding of guilt, Williams, then only 22 years old, was sentenced to a mandatory term of life imprisonment without release under 21 U.S.C. § 841(b)(1)(A). One cannot help being struck by the enormous difference between Williams' state sentences and his federal one. After exhaustively examining the issue of whether Williams' Florida 2008 and 2009 Possession of Cocaine convictions qualify as felony drug offenses under 21 U.S.C. § 802(44), the court must conclude that the mandatory life sentence imposed on Williams, however incongruous in light of the brevity of his predicate state convictions, was lawful. Nevertheless, because neither party has had a chance to fully brief the issue of the qualification of Williams' prior state court convictions under 21 U.S.C. § 802(44), and because of the importance of this issue to Williams' sentence, the court will allow Williams' appointed habeas counsel to file a supplemental brief addressing these issues thirty (30) days before the date the evidentiary

16

hearing is scheduled. The government may file any brief in response fourteen (14) days after service of Williams' supplemental brief.

An appropriate Order will be entered this day.

**ENTER:** This ___15___ day of November, 2016.

/s/ Michael F. Urbanski
United States District Judge