CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 09 2017

JULIA C. DOOLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANTONIO DEMETRIUS WILLIAMS ) | Criminal Action No. 5:12CR00014 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Michael F. Urbanski |
| Respondent. ) | United States District Judge |

Antonio Demetrius Williams, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He has raised two ineffective assistance claims: (1) counsel failed to advise him that he faced a mandatory life sentence if a jury found him guilty at trial; and (2) counsel failed to object to the government's filing of a notice under 21 U.S.C. § 851, which necessitated a life sentence if he were found guilty. In a memorandum opinion entered on November 15, 2016, the court set an evidentiary hearing to develop the record with regard to Williams' first claim. The court found Williams' second claim unavailing but allowed the parties to file supplemental briefing, in the event that there were additional issues to address. No additional briefing was filed. An evidentiary hearing was conducted on February 15, 2017. After hearing the evidence and reviewing the entire record, the court concludes that Williams has not stated any meritorious claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On April 19, 2012, a federal grand jury charged Williams and other codefendants in a 29-count indictment with narcotics trafficking crimes, including conspiracy to distribute and manufacture 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The court appointed

counsel ("first counsel") for Williams on April 25, 2012, and an initial appearance and arraignment were conducted the next day. At that time, the government had not yet filed a § 851 notice regarding Williams' prior drug convictions, but orally announced at the arraignment that it "will be filing notice of an 851 enhancement in this case as well. So in that case the minimum is life, the maximum is life." Initial Appearance/Arraignment Tr., ECF No. 643, at 9. The court advised Williams as follows:

> THE COURT: Mr. Williams, if you are convicted of participating in the criminal conspiracy alleged in Count One against you, the government has indicated today that it intends before that trial to file what's called an 851 notice. They are saying that you have two or more felony – prior felony drug offenses. If you are convicted of participating in this conspiracy, you must be sentenced to life imprisonment in this case. Any you will also be subject to a fine in the amount of $10 million? Do you understand?
>
> THE DEFENDANT: Yes, sir.

Id. at 9-10. On May 23, 2012, the government filed an information notice, pursuant to 21 U.S.C. § 851, seeking an enhanced sentence for Williams based on his two prior Florida felony drug convictions.[1] § 851 Notice, ECF No. 96, at 1.

At some point thereafter, the government tendered to Williams' first counsel a draft plea agreement providing that Williams would agree to plead guilty to one count of conspiracy to distribute and manufacture 280 grams or more of cocaine base and one count of distributing cocaine base. Plea Agree., ECF No. 628-2, at 1-2. In exchange, the government would dismiss the remaining counts, and, importantly, would drop its § 851 enhancement notice as to one of Williams' two prior Florida felony drug offense

---

[1] As noted in footnote 1 of the November 15, 2016 memorandum opinion, ECF No. 687, the Virginia conviction did not qualify to enhance Williams' sentence under 21 § U.S.C. 841(b)(1)(A), as it was not final before he committed the offense in this case.

2

convictions, reducing his mandatory minimum sentence from life to twenty years' incarceration. Id. at 3-4.

In August 2012, Williams moved for new counsel, claiming that he was experiencing irreconcilable differences with his first counsel. Motion to Appoint New Counsel, ECF No. 155. After a hearing on August 9, 2012, the court appointed another lawyer ("trial counsel") for Williams. Criminal Minutes, ECF No. 162. A few days after his appointment, trial counsel met with Williams and discussed the government's proposed plea agreement. Williams rejected the government's proposed plea agreement, indicating that he wanted to proceed to trial. While counsel was preparing for trial, the government offered the plea deal to Williams a second time. Williams countered with a plea agreement capped at ten years, which the government declined.

Williams' case was tried in October, 2012, and a verdict of guilt was rendered on November 1, 2012. A jury found Williams guilty of conspiracy to distribute and manufacture 280 grams or more of cocaine base, and six counts of distribution of cocaine base. Jury Verdict, ECF No. 329. As required by law, the court sentenced Williams to a mandatory life sentence. Judgment, ECF No. 432, at 3. Williams appealed to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Williams, 554 F. App'x 128, 133 (4th Cir. Feb. 4, 2014). He also filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied. Williams v. United States, 134 S. Ct. 2715 (June 2, 2014).

Williams timely filed his § 2255 motion in this court. On February 15, 2017, the court held an evidentiary hearing regarding Williams' claim that trial counsel failed to advise him

3

that he faced a mandatory life sentence if convicted. At the hearing, Williams testified that he received a copy of the indictment against him and the draft plea agreement from first counsel, but did not receive any correspondence from trial counsel. He stated that he met with trial counsel three or four times. Williams acknowledged that trial counsel advised him that he was facing a sentence with a maximum term of life imprisonment, but disagreed that trial counsel told him that a life sentence was mandatory. Williams further testified that trial counsel did not explain to him the significance of the § 851 notice, and that he found out that the notice required a mandatory life sentence only after he got to prison.

Trial counsel also testified. He stated that he first met with Williams on August 15, 2012, shortly after his appointment. Trial counsel stated that he treated that first meeting as if it were the beginning of the case, even though Williams previously had been represented. Trial counsel testified that he discussed various sentences that Williams could face. He explained that the proposed plea agreement would limit Williams' sentencing exposure to twenty years to life. Trial counsel explained that if Williams proceeded to trial and a jury found him guilty, he would receive a mandatory life sentence. Williams indicated that he was not interested in accepting the proposed plea agreement. Trial counsel testified that the next few meetings with Williams were spent preparing for trial. In October, the government contacted trial counsel and advised him that the proposed plea agreement was still available if Williams had any interest in it. Trial counsel met with Williams on October 8, 2012, and again discussed the proposed plea agreement. Trial counsel talked to Williams once more about possible sentences, including the twenty to life sentence that he could receive by signing the plea agreement as opposed to a mandatory life sentence if found guilty at trial.

4

Williams indicated that he would not accept the plea agreement with a twenty-year mandatory minimum sentence, and asked trial counsel to counter with a plea agreement for a ten-year sentence. The government did not accept Williams' counteroffer.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Williams bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy both requirements of a two-prong test, demonstrating that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that

5

counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Williams' claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

### 1. Advice Regarding Mandatory Life Sentence

Williams claims that he received deficient representation because trial counsel failed to explain to him that he faced a statutory mandatory life sentence if a jury found him guilty. A person convicted of conspiracy to distribute and manufacture more than 280 grams of cocaine base faces a statutory minimum sentence of ten years to life in prison. 21 U.S.C. § 841(b)(1)(A). However, if a defendant has previously been convicted of one felony drug offense, the defendant faces an increased statutory penalty range of twenty years to life in prison. Id. If the defendant has previously been convicted of two or more felony drug offenses, the defendant faces a "mandatory term of life imprisonment without release." Id. Because a jury found Williams guilty of a drug conspiracy and he had two prior felony drug convictions, his statutory mandatory minimum sentence increased to life imprisonment.

The court does not find credible Williams' claim that trial counsel never explained the mandatory life sentence that he faced should a jury find him guilty. Williams admits that

6

counsel explained that he could face a life sentence, but not that a guilty verdict would require a life sentence. Not only was Williams advised by the court that if convicted, he "must be sentenced to life imprisonment," ECF No. 643 at 9, the court fully credits trial counsel's testimony that he told Williams that he faced mandatory life if convicted. Given the court's admonition to Williams at his initial appearance/arraignment and the testimony of his trial counsel, the court finds Williams' testimony that he was not aware that he faced mandatory life not to be credible. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (it is the province of the district court to make factual determinations at hearings and such determinations deserve deference).

Williams argues that his ten-year counteroffer to the twenty-year plea deal offered by the government shows that he did not understand that a life sentence was the mandatory result of a verdict of guilt at trial. While Williams' argument has some persuasive appeal, it does not necessarily follow that his bargaining for a ten-year sentence means that he did not understand that a life sentence was mandatory were he to lose at trial. While it may be difficult in hindsight to fathom how Williams could have rejected the government's offer of a plea agreement reducing his mandatory minimum sentence from life to twenty years, the evidence presented at the hearing convinces the court that Williams did just that.[2]

Accordingly, Williams has not shown that trial counsel provided misleading advice that caused him to proceed to trial. United States v. Merritt, 102 F. App'x 303, 307 (4th Cir. 2004) (noting that for a defendant to prevail on an ineffective assistance of counsel claim, the defendant must show that he would have accepted a plea agreement but for his trial

---

[2] In trying to understand Williams' mindset at the time, it is worth noting that whether he went to trial or took the offered plea agreement, Williams' maximum penalty was the same—life imprisonment.

7

counsel's "gross misadvice regarding his sentencing exposure"). Because the court informed Williams at his initial appearance/arraignment that he faced a mandatory life sentence, and because the court credits trial counsel's testimony that he informed Williams of the mandatory life sentence he would receive if found guilty, Williams has not established that trial counsel's conduct "fell below an objective standard of reasonableness." Strickland, 466 U.S. 688.

### 2. Prior Felony Drug Convictions

In its November 15, 2016 memorandum opinion, the court stated:

> After exhaustively examining the issue of whether Williams' Florida 2008 and 2009 Possession of Cocaine convictions qualify as felony drug offenses under 21 U.S.C. § 802(44), the court must conclude that the mandatory life sentence imposed on Williams, however incongruous in light of the brevity of his predicate state convictions, was lawful. Nevertheless, because neither party has had a chance to fully brief the issue of the qualification of Williams' prior state court convictions under 21 U.S.C. § 802(44), and because of the importance of this issue to Williams' sentence, the court will allow Williams' appointed habeas counsel to file a supplemental brief addressing these issues thirty (30) days before the evidentiary hearing is scheduled.

ECF No. 687, at 16. Williams' habeas counsel indicated that he investigated the issue and found no basis upon which to file a supplemental brief. As such, the November 15, 2016 order resolves claim two. Because Williams' two Florida drug convictions qualify as felony drug offenses under 21 U.S.C. § 841(b)(1)(A), trial counsel's failure to object to them does not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 687 ("the defendant must show that counsel's performance was deficient").

### III.

8

For the reasons stated herein, the court will grant the government's motion to dismiss Williams' § 2255 petition. An appropriate order will be entered this day.

Because Williams has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

**ENTER:** This 9th day of March, 2017.

/s/ Michael F. Urbanski
United States District Judge